Opinion Issued March 11, 2004






 









     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00348-CR




RENE CAMACHO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 901280




MEMORANDUM OPINION

          A jury found appellant, Rene Camacho, guilty of aggravated assault, and, after
appellant pleaded true to the allegations in two enhancement paragraphs, assessed
punishment at 50 years’ confinement. In three points of error, appellant contends that
(1) the trial court erred in overruling his objection to the State’s jury argument, which
provided an incorrect statement of the law, and (2) the evidence was legally and
factually insufficient because the State never rebutted his assertion of self-defense
beyond a reasonable doubt. We affirm.
Facts 
          On August 25, 2001, Gerardo Franco, Daniel Ron, Jose Resendez, and the
complainant, Mario Aguilar, were at the 7427 Longview residence of Frederick
Resendez when a car containing appellant and at least two other males and a female
arrived at Resendez’s residence. Appellant engaged in a fistfight with Ron, which
ended after appellant’s two male companions stepped out of their car with guns. 
          The complainant, who had watched the fistfight, testified that, believing
everything had calmed down, he went to his car to get another beer. He noted that,
when appellant saw him walk to his car, appellant asked, “Are you going to get a gun
or what?” After the complainant said “no,” appellant shot him several times. The
complainant was rendered unconscious after the first bullet struck him. The
complainant acknowledged that he told officers that appellant probably assumed he
was getting a gun, but he noted that, when appellant asked him whether he was
getting a gun, he said he was not. 
          Franco testified that the complainant was walking to his car when appellant
asked the complainant if he was reaching for a gun. Appellant then began shooting
before the complainant could respond. Ron testified that the complainant went to the
car to get a beer and that as soon as he came out of the car with a beer in his hand,
appellant shot him. Ron did not recall whether or not the complainant or appellant
said anything to each other. 
          Appellant testified that he shot the complainant in self-defense. He asserted
that, after his fistfight with Ron, Ron told the complainant to get the gun from the car. 
When appellant turned around, he saw the complainant going to his car, so he reached
for a weapon from one of his companions and fired at the complainant. Appellant
testified that he saw the complainant reaching inside the car, as if to reach under the
seat, and so he shot the complainant because the complainant was going to shoot him. 
Appellant acknowledged that the complainant never had an opportunity to draw a
gun. 
Jury Argument
          In his first point of error, appellant argues that the trial court erred in overruling
his objection to the State’s jury argument at the guilt/innocence stage of the trial 
“where the argument was an incorrect statement of the law.” The complained of
argument is as follows: 
State:Because when it starts to hurt him, he’s
changing—he’s telling a different story. 
Before you get to self-defense–you don’t even
consider self-defense if you don’t believe him
because nobody else— 
 
Appellant:Your Honor, I object to that because the jury
has a right to believe all the evidence and
testimony also.
 
Court:It’s overruled. Ladies and gentlemen of the
jury, you are the exclusive judges of the facts
proved, of the credibility of the witnesses, and
the weight to be given their testimony. 
 
State:Like I said, if you don’t believe it, you don’t
believe him, there’s no reason to even
consider self-defense. . . . 

Appellant contends that the State’s argument was an incorrect statement of law
because “it was for the jury to decide whether to believe or disbelieve that the
appellant thought that the complainant was reaching for a firearm at the time of the
shooting.”
          The law provides for and presumes a fair trial free from improper argument by
the State. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App.1991). In general,
proper jury argument encompasses one of the following: (1) a summation of the
evidence presented at trial; (2) a reasonable deduction drawn from that evidence; (3)
an answer to the opposing counsel's argument; or (4) a plea for law enforcement. 
Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.1999); Sandoval v. State, 52
S.W.3d 851, 857 (Tex.App.—Houston [1st Dist.] 2001, pet. ref’d). To determine
whether a party’s argument properly falls within one of these categories, we must
consider the argument in light of the entire record. Sandoval, 52 S.W.3d at 857. In
most cases, if error occurs, an instruction to disregard will cure any error committed. 
Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). 
          In the present case, appellant misconstrues the State’s argument. The State did
not state or imply that the jury could not consider all of the evidence and testimony
or that it could not decide for itself whether to believe or disbelieve appellant. 
Rather, the State made a reasonable deduction from the evidence. Appellant was the
only witness to testify about self-defense. The State correctly noted that if the jury
did not believe appellant, then they could not even consider his self-defense theory. 
The jury had to believe something appellant said concerning self-defense before it
could even consider the theory. Therefore, the trial court did not err in overruling
appellant’s objection to the State’s closing argument. We overrule appellant’s first
point of error. 
Sufficiency of the Evidence 
          In his second and third points of error, appellant argues that the evidence was 
legally and factually insufficient to support his conviction because the State never
rebutted his assertion of self-defense beyond a reasonable doubt. Appellant does not
challenge the sufficiency of the evidence as to the elements of aggravated assault. 
Rather, he claims that a rational trier of fact could not have concluded that the State
had rebutted his assertion of self-defense beyond a reasonable doubt, and, therefore,
the evidence to support his conviction was insufficient. 
          In resolving the legal sufficiency of the evidence, we look not to whether the
State presented evidence that refuted appellant’s self-defense testimony, but rather
to whether, after viewing all the evidence in the light most favorable to the verdict,
any rational fact finder could have found the essential elements of the offense beyond
a reasonable doubt.


 King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
Although our analysis considers all evidence presented at trial, we may not reweigh
the evidence and substitute our judgment for that of the fact finder. Id. Similarly, in
addressing factual sufficiency of the evidence, we view the evidence in a neutral light
and ask whether the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or whether the proof of guilt, although adequate if taken alone, is
greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000). 
          Contrary to appellant’s assertion, the State is not required to rebut self-defense
beyond a reasonable doubt. See Saxton v. State, 804 S.W.2d 910, 913-14 (Tex. Crim.
App. 1991). Self-defense is an affirmative defense that permits a person to use “force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other’s use or attempted use of
unlawful force.” Tex. Penal Code Ann. § 9.31 (Vernon 2003). To rebut a self-defense claim, the State bears only a burden of persuasion, not a burden of production
of evidence. Saxton, 804 S.W.2d at 912-14 (defendant bears burden of producing
evidence raising self-defense; State bears burden of persuasion on the issue). The
issue of self-defense is an issue of fact for the jury. Id. A verdict of guilty is an
implicit rejection of self-defense. Id. 
          In the present case, appellant admitted he assaulted the complainant with a
deadly weapon, but claimed he did so in self-defense. He was the only witness who
testified to his shooting the complainant in self-defense. The testimony of the State’s
witnesses, Franco, Ron, and the complainant, confirmed that appellant shot the
complainant with a gun, but their testimony, although differing somewhat in detail,
uniformly contradicted appellant’s self-defense theory. Based on this testimony, the
jury found that appellant committed the offense of aggravated assault, implicitly
rejecting his defense of self-defense. 
          Viewing the evidence in the light most favorable to the verdict, as required to
determine legal sufficiency, we hold that a rational fact-finder could have found the
essential elements of the offense of aggravated assault beyond a reasonable doubt and
that it could have implicitly rejected appellant’s contention of self-defense. As the
exclusive judges of the facts, the credibility of the witnesses, and the weight to be
given their testimony, a jury may believe or disbelieve all or any part of a witness’s
testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997); McKinny
v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no pet.). We
will not substitute our judgment for that of the fact finder. Accordingly, we hold that
the evidence was legally sufficient to support appellant’s conviction. 
          Reviewing the evidence in a neutral light, as required to determine factual
sufficiency, we find that the jury’s conclusion that appellant committed the offense
of aggravated assault and did not act in self-defense is not so against the great weight
and preponderance of the evidence as to be clearly wrong and manifestly unjust. 
Appellant presented the only testimony supporting self-defense, and the jury was not
obligated to believe him. Cain, 958 S.W.2d at 408-09. We hold, therefore, that the
evidence was factually sufficient to support appellant’s conviction. 
          We overrule appellant’s second and third points of error.
Conclusion
          We affirm the judgment of the trial court. 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.